Good morning and aloha. My name is Emmanuel Correro. I represent the petitioner, Mr. Te Aupa. He is not present, but we are ready to proceed. In this particular case, this court, on Fernandez-Ruiz, again upheld the analysis that must be taken as to whether an offense, a conviction, is a removable offense under the categorical approach. Under the categorical approach, you take a look at the statute. And in this particular case, Mr. Te Aupa is being removed because it is said that he violated a restraining order, a protective order, that was domestic abuse in nature. But if you take a look at the statute, 586-11, Hawaii Revised Statutes, it can either be domestic in nature, excuse me, it can either be abuse in nature, or it can either be non-abuse in nature. 586-1, for example, if non-domestic abuse, meaning that the portion of the order that the petitioner, or in this case, or in the state case, the defendant, the portion that he violated was non-domestic abuse in nature, then the court is permitted to But that court is permitted to sentence that individual to a fine. You know, the problem I have with your argument is here, at the pleading stage, your client, by his counsel, admitted the allegation. This isn't a case where testimony is being used against him, but there is an admission at the pleading stage. And you've read it, number five and six are the reasons why you're here in court. So for five and six, do you Well, I think what he did, your honor, was this. He admitted that he was convicted, as charged, on 586-11, but he contested the fact that the charge that he admitted to was removable. He contested all along that he was removable. If you take a look at the notice to appear, Excuse me for interrupting. Number six says that on June 1, that court determined that you engaged in conduct that violated a portion of that harassment or bodily injury to the person or persons for whom the protection order was issued. Yes, your honor. So for five or six, do you admit or deny? Admits. So he admitted at the pleading stage, at the opening of the hearing, that he violated that part of the order. That's the problem I have with your argument. This is not testimony later on as to facts or anything like that, but he admitted that. I don't know how we can ignore that. Even if he admitted that, your honor. But he did admit it. I'm looking at it now if he appeared pro se. If you take a look at the record, if he appeared pro se, he did not have the benefit of counsel, and you'll take a look at that he admitted all of the allegations. Admission of the allegations under the categorical approach at this stage, your honor, at this stage of the NTA, Fernandez-Ruiz tells us we don't take a look at that. We take a look at the evidence. So you're saying even if somebody admits the charge, it's no good. Well, it's not that it's no good, your honor, but in Fernandez-Ruiz, this court tells us. But Fernandez-Ruiz didn't involve an admission. Fernandez-Ruiz did not include admission. It included other evidence. I think there are other cases that say that it has to be an admission that took place during the underlying conviction proceedings. I mean, I think there are a series of cases that say that, and perhaps you can cite one. Unfortunately, your honor, I can't cite one right now, but I know what you're talking about. I really do. Because under the modified – the next one is a modified approach. And in the modified approach, categorical approach, under U.S. v. Taylor, Shepard tells us that you take a look at the record of conviction. And what is the record of conviction? The record of conviction is the complaint, indictment. Right. It's very narrow. It specifically says what you can look at. Right on. It's just that even before Fernandez-Ruiz, all that law was still there. I mean, Fernandez-Ruiz really stands for another proposition having to do with Sins Re and, you know, what takes you beyond a categorical approach. But the law that says that you apply the categorical approach and the modified categorical approach of Taylor has been well developed and applied in the immigration context. And I've been looking at a number of this one judge's cases, and she doesn't seem to know about this. Well, Judge Beamer, I can tell you, formerly Judge Diaz, I can tell you, does take her job very, very seriously. But we also take our job seriously. And we do know that this field of law, immigration, is constantly, constantly moving. But are you briefing this whole concept of the Taylor categorical approach and then what can and can't be considered? Is that being briefed to her? It's being briefed to her. As a matter of fact, based on the Fernandez-Ruiz case, last week the government finally acknowledged the analysis in terms of whether the domestic violence, whether a crime of domestic, whether abuse of a family household member is a crime of domestic violence. And the court is always briefed. We always try to brief the court as to the proper analysis. The court here adheres to a strict briefing schedule, which we must abide by. But I believe the court simply, for whatever reason in this particular case, as I read her opinion, I don't think it even goes into the categorical approach. I think what happened in this case, when you look at her order, she says, it's 586.11, it's a violation of the restraining order, they revoke your But the court, what the immigration court failed to look at is, what was this guy convicted of? I hate to jump up and down on this, but the reason that happened is because your client admitted it. That's why it happened. Well, with all due respect, Your Honor, I think even if he did not admit it, I think this particular court, this, not this one. If he hadn't admitted it, absolutely a whole different approach would have been taken. But when somebody comes in and the judge says, did you do it or not? And the person says, I did it. Well, then you go down a different road. It's like a trial. Somebody pleads guilty, you don't have a trial, you un-sentence them. Well, I'm not saying that the, I'm not a painter. I'm not a painter by trade, but you know, I used to be an attorney for the Carpenters Union, so I get to do all of these community service. I was their attorney for five years, I didn't do too much legal work, because all I do is talk to other attorneys, but I did do a lot of the community service. And I can tell you, they taught me how to paint. But when I painted my house, I decided to save money and paint it myself. Guess what? It cost me more after the fact to hire a painter to cover up the patches that don't match. What we have here is Mr. Teopa, by himself, going to court, saying, you have been charged with these offenses. These are the factual cases. For all he knows, he was found guilty, 58611. He certainly does not know what portion of 58611 he was charged with, because he contested the charge. So his admission, on its face, is conflicting, but if there's a conflict, he has to give the respondent the benefit of the doubt. We may have some case law on this point as to what consequences, if any, for purposes of the modified categorical approach and admission in the course of an immigration proceeding, and the government may be able to help us with some case law on that. I'm sorry, Your Honor. As a matter of fact, I think I did have a couple of cases prior, but one of them was Nobrigo v. United States. It was a gun charge. Whether an abuse conviction was a crime of domestic violence is a predicate offense for a gun charge in federal law, but the court subsequently withdrew that opinion. I do know that in Dulles v. U.S., they did say that you have, again, you don't take a look at extraneous evidence brought up in court at the I.J. level. You take a look at the record of conviction, which is the appropriate record of conviction. I'm running out of time, so if you've got any more questions, I... All right. Thank you, counsel. Otherwise, welcome to Hawaii, and... Thank you. Bye. Did you ever paint your house again? Oh, no. My wife. You're loyal to me, aren't you? No, we're enjoying Hawaii. It's a beautiful place. Good. Thank you. Thank you. Good morning, Your Honors. Good morning. May it please the Court, my name is Jeffrey Bernstein, and I represent the Attorney General of the United States. I haven't painted my house ever, if that's relevant. I guess you're looking to me to talk about the issue that the colloquy... And I have to tell you, it's an interesting question, and I don't know the answer to the question. I would suggest that you permit the parties an opportunity for simultaneous briefing on the issue, because it really wasn't raised by the parties. But if you're interested in the issue, I'm happy to do a briefing on it. What I'd like to do, though, in my time at Oral Argument today, is to assume that the modified categorical approach applies, and... And it applies under your assumption because? Well, it would apply because the statute under which he was convicted, in my view, would make conduct which is not a removable offense, which a conviction could be had by conduct which would not constitute a removable offense, as well as conduct which would... I see. So what you're saying is in order to sustain the order here, we have to do modified. That is to say, it's not sustainable under the categorical. No, I'm not saying that. I'm saying I want to brief that first issue, but I'm going to discuss today why really the first issue doesn't matter, because even under the modified categorical approach, the immigration judge's decision as affirmed without opinion by the board must be affirmed. Even under the categorical? No, I'm talking about the modified categorical. And we get to the modified categorical how? What evidence do we have that allows us to get to modified categorical? Well, you have the statute which provides that a conviction can be had upon evidence which is not domestic abuse in nature. Correct. And that's what... That means that you have to go to modified categorical. So then my question is, okay, once we're at modified categorical, what evidence do we have in the record that allows us to determine what actually happened rather than what the scope of the statute is? Well, I'm not so sure. You go to the question of what actually happened. The question is whether or not the additional documents in the record elucidate sufficiently so that it tells us that we're now to a restricted enough range. So what evidence do we have that we can look at that lets us get to that point? Well, there's a number of pieces of evidence, but I'd like to kind of begin at the beginning if you don't mind, Your Honor. And I will discuss the evidence. Mr. Tiapo was convicted pursuant to a statutory scheme, Section 586 of the Hawaii Revised Statutes, that in that section of the Hawaii Revised Statutes defines domestic abuse as physical harm, bodily injury, assault, or the threat thereof, all violent matters. The statutory scheme authorizes issuance of a protection order after, in this case, a hearing and an opportunity to be heard and a consideration of the charges to protect people like Mrs. Tiapo from domestic abuse, as defined in the statute, physical harm, bodily injury, assault, or the threat thereof. And such an order was issued against Mr. Tiapo with the domestic abuse terms contained in paragraph A of the protective order. Thus, the domestic abuse component of the order of protection clearly includes protection against credible threats of violence or credible threats of bodily injury to Mrs. Tiapo as it protects her against physical harm, bodily injury, assault, or the threat thereof. So then we get to the question of whether or not there is evidence to show that he was convicted of violating Section A, the component, that component of the protective order, the domestic abuse component of the protective order. And you look to the statute, you look to the charging document, and you look to the document of conviction in this case. And these, excuse me, these documents reveal that the petitioner was convicted of violating the domestic abuse component of the protective order. March me through those documents. Yes, tell me the E.R. numbers of these documents. Yes, the charging, well, let me, I have them right here. The domestic abuse order is at the administrative record 123 to 127. And the charging document is at administrative record 113 to 114. And the judgment, the conviction, is at the administrative record 115 through 117. Okay, so looking at, okay, so we have those documents. Looking at 115, how do we know that he was convicted of violating Subsection A of the protective order? Well, he was charged with violating the order of protection, and this is in the charging document, by committing a violent act of property damage and sentenced to one year of probation, which was clearly in lieu of the mandatory minimum jail sentence of, I believe, two days. And that is clear because that's what probation is. Probation is releasing a defendant under, or a convicted defendant, under the auspices of a probation officer in lieu of imposing a sentence. And, by the way, the statute also provides that the court may need not order incarceration in appropriate and special circumstances. Okay, so I'm looking at 113, 114. I see the charges. Then we turn to 115, and we see that he was guilty. But I guess I can't, I mean, I'm just, this document is somewhat unfamiliar to me. So where on the second does it show that what he was pleading to was violating Subsection A? Well, it's a combination of, again, of all three documents. You look at the statute, you look at the conviction record, and you look at the charging document. And you draw an inference. There's nothing there. No, I don't think you need to draw an inference. Or the immigration judge drew an inference, and the inference has to be sustained unless it's, unless evidence, countervailing evidence. But here's an inference. I'm looking at, I'm at AR 115, the form of, basically it's the judgment. The court finds, I'm on line three, are you with me? I am. The court finds in the judges that defendant is, defendant is, is marked. And then not guilty is not marked. Guilty is marked. As charged is not marked. Nor is as amended. So obviously he's guilty of violating statutory provision. I'm not sure it's so obvious. He's guilty of violating the overall statute. But he could have said guilty as charged if, in fact, the charge was what he was. I'm with you on that, Your Honor. But then we get to the conviction. Then we get to the sentence. And the sentence is he was committed, he was sentenced to the probation, and then he was fined $250. Now the sentence is clearly a sentence authorized by the statute for a domestic abuse charge. And as, if you read the statute, that's clear. Yeah, but the statute also requires that if it's a domestic abuse charge, he's got a mandatory sentence of 48 hours, and he didn't get that. He got it because he was sentenced to probation, as I just discussed. Probation is in lieu of sentencing. And the statute also provides that the, that in special circumstances, the judge need not sentence to the jail time. So under either of those possibilities, he was clearly sentenced to, he was fined $250, which the statute provides for a domestic abuse charge. He was, he got the suspended sentence, not a suspended sentence. He got the probation in lieu of a sentence, and he was charged with the violent act. Putting all those matters together, it is clear that he was charged with violating the component of the... You know, I'm reading the Hawaii statute. It says that in the nature of non-domestic abuse, the person may be sentenced to a jail sentence of 48 hours and fined not more than 50. But I think it's, in the nature of domestic abuse, shall be sentenced to a mandatory minimum jail sentence of not less than 48 hours. That doesn't sound like probation to me. Well, there's lots of... It's not like jail. You know, I'm not a criminal defense lawyer or a prosecutor, but it seems to me that there are a lot of mandatory minimum sentences to which judges sentence to probation in lieu of preserving time. As I say, I'm not an expert. If that's not the case, then... Mandatory minimum, that's what it means. It's intended to put handcuffs on a judge's sentencing hands. This is what you must do. This is a minimum, mandatory. In that event, the statute also provides that in special circumstances, the judge need not impose the sentence. So clearly that's what happened here because, again, he was charged under the statute. He was fined $250. Is there a document that says I'm making a determination because of special circumstances? One need not have that document, Your Honor. One only needs to have documents which raise inference. Maybe in a perfect world, but not in the Ninth Circuit. Help me out a little bit when you say... I think even in the Ninth Circuit, and I apologize for interrupting. No, no, I'm sorry. I was interrupting. Help me out when you say under special circumstances, the statute says the judge need not impose it. Where are you getting that? That is... I'll give you the reference, Your Honor. That is toward the end of the statute. Okay. Please read it. Yes. The court may suspend any... I know this is in suspension. Any jail sentence under subparagraphs 1A and 2C upon condition that the defendant remain alcohol... blah, blah, blah. Nothing in this section... 1A and 2C are specified to be non-domestic abuse sections. Your Honor, I'm reading... I'm not where I need to be. I think so. I think that's right. And I apologize. That's okay. Keep going. I wish I had memorized the statute. That's right. This is not a trick question. I'm just after if there really is a provision of the statute that says in special circumstances, in a conviction for domestic abuse, the sentence of 48 hours of jail time can be waived by the judge. I want to hear it. I apologize. I misspoke. It doesn't say he could cancel it. He said the court may stay the imposition of the sentence if special circumstances exist. And it seems to me that if one institutes probation in a mandatory minimum context, then that's a stay. Where did you read that from? That's not true either. You're out of your element here now. That may well be, Your Honor. But I'm just working with what I have. Obviously, my expertise is limited. It doesn't say anywhere, sentences stayed. It says sentences to probation. It doesn't say, well. Well, you know, you're way over time. I think we're going to have to figure this out and perhaps require additional briefing, perhaps not. I'm happy to do that. We'll let you know. Thanks so much. All right. So, thank you. This case will be Sumida-Teva v. Gonzalez. And that will complete the session of the court.
judges: Trott, Wardlaw W. Fletcher